UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JAMES ARTHUR ROSS, | Case No. 2:20-cv-01338-CL |
| Plaintiff, | ORDER |
| v. | |
| TYLER BLEWETT, et al., | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff, an inmate at Two Rivers Correctional Institution (TRCI), filed suit pursuant to 42 U.S.C. § 1983 and alleged violations of his Eighth Amendment rights arising from unsafe conditions of confinement at TRCI amidst the COVID-19 pandemic. Before the Court are plaintiff's Motions for Preliminary Injunction (ECF Nos. 3, 19) Motions for Counsel (ECF Nos. 4, 20), and plaintiff's objections to the Findings and Recommendation issued by Judge Clarke on November 17, 2020 (ECF Nos. 10, ).

Plaintiff seeks preliminary injunctive relief, including his release from prison. This Court does not have the authority to grant his release. *See* 18 U.S.C. § 3626(a)(3). Regarding the

1 - ORDER

conditions of confinement and COVID-19 protocol plaintiff seeks at TRCI, I do not find that plaintiff's allegations meet the rigorous test for mandatory injunctive relief at this stage of the litigation. *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008); *see also Maney v. Brown et al.*, 6:20-cv-00570-SB (ECF No. 108) (order denying preliminary injunctive relief in COVID-19 case involving Oregon Department of Corrections institutions, after review of extensive evidence and testimony). Many of plaintiff's allegations relate to conditions at TRCI after the facility experienced a recent, unexpected loss of power, and it is unclear whether those conditions will remain as TRCI recovers from the incident. Accordingly, plaintiff's request for injunctive relief is denied with leave to renew.

With respect to counsel, I agree that this case warrants the appointment of counsel. However, as set forth in the pending Motion to Stay (ECF No. 23), plaintiff may become part of a proposed class in *Maney* and representation would be assumed by plaintiff's counsel in that action. According, plaintiff's Motions for Appointment of Counsel are denied with leave to renew, if necessary.

Finally, Judge Clarke recommends dismissal of plaintiff's § 1983 claims seeking damages against several defendants in their individual capacities. Plaintiff filed timely objections, and the matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Upon de novo review, I find no error. Plaintiff fails to allege specific facts to support viable Eighth Amendment damages claims against defendants in their individual capacities. *See*

2 - ORDER

*Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010) (an Eighth Amendment claim requires a showing of deliberate indifference to a substantial risk of harm to an inmate's health or safety). Plaintiff's damages claims will be dismissed without prejudice, allowing plaintiff the opportunity for leave to amend and to replead these claims.

## CONCLUSION

Plaintiff's Motions for Preliminary Injunction (ECF Nos. 3, 20) and Motions for Appointment of Counsel (ECF Nos. 4, 19) are DENIED with leave to renew at a later stage of the proceedings. The Findings and Recommendation (ECF No. 10) issued on November 17, 2020 is ADOPTED, and plaintiff's claims for damages are DISMISSED without prejudice. IT IS SO ORDERED.

DATED this  28th  day of January, 2021.

/s/Ann Aiken
Ann Aiken
United States District Judge

3 - ORDER