IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES ARTHUR ROSS,

                Plaintiff,

      v.

TYLER BLEWETT *et al.*,

                Defendants.

Case No. 2:20-cv-01338-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

James Ross ("Ross"), a self-represented litigant in the custody of the Oregon Department of Corrections ("ODOC"), filed this civil rights action under 42 U.S.C. § 1983 ("Section 1983") against Tyler Blewett, Superintendent at Two Rivers Correctional Institution ("TRCI"); Captain Rumsey, Operations Captain; Ken Jeske, Oregon Corrections Enterprises ("OCE") Administrator; Shawn Haywood, OCE Deputy Administrator; Jennifer Starbuck, OCE Communications Director; Lori Hensel, OCE Laundry Manager; Coordinator Snider, OCE Laundry Coordinator; Coordinator Moore; OCE Laundry Coordinator; Colette Peters, Director of ODOC; Governor Kate Brown ("Governor Brown"); and John Does 1-3, TRCI Correctional Officers (collectively, "Defendants"). Ross alleges that Defendants' response to COVID-19

PAGE 1 – OPINION AND ORDER

violates his constitutional rights to reasonable protection from severe illness or death. This matter comes before the Court on Defendants' motion to stay this litigation. For the reasons that follow, the Court grants Defendants' motion to stay.

## BACKGROUND

Ross is an adult in custody ("AIC") of ODOC and is currently housed at TRCI. On August 10, 2020, Ross filed this action against Defendants, alleging that ODOC's failure adequately to respond to COVID-19 violates his First, Eighth, and Fourteenth Amendment rights. (ECF No. 2.) That same day, Ross filed a motion for appointment of counsel (ECF No. 4), and a motion for a preliminary injunction seeking an order requiring defendants "to wear masks at all times when entering and while remaining in the Institution" and to enjoin defendants from further alleged constitutional violations. (Pl.'s Mot. Prelim. Inj. at 11-12, ECF No. 3.) On October 5, 2020, Ross filed an amended complaint ("FAC"), adding as defendants several ODOC officials and Governor Brown. (FAC at 1, ECF No. 8.)

Months earlier, on April 6, 2020, seven AICs (the "*Maney* Plaintiffs") housed at four ODOC institutions filed a civil rights action under Section 1983 against Governor Brown and several ODOC officials (together, "*Maney* Defendants"). (Def.'s Mot. to Stay at 1, ECF No. 23; *Maney et al. v. Brown et al.*, 6:20-cv-00570-SB ("*Maney*"), ECF No. 1.) The *Maney* Plaintiffs allege that the *Maney* Defendants acted with deliberate indifference to their health and safety by failing adequately to protect them from COVID-19 through social distancing, testing, sanitizing, medical treatment, masking, and vaccines. (*See Maney* TAC, ECF No. 160.) The *Maney* Plaintiffs assert allegations on behalf of a class of similarly situated AICs, and propose three classes: (1) the "Injunctive Relief Class"; (2) the "Damages Class"; and (3) the "Vaccine Class." (*Maney* TAC ¶¶ 20-21.)

On November 17, 2020, the Court issued its Findings and Recommendation ("F&R"), recommending dismissal of Ross's damages claims against defendants in their individual capacities (ECF No. 10), which the district judge adopted in full on January 28, 2021. (Order at 3, ECF No. 24.) The Court also dismissed Ross's motions for a preliminary injunction (ECF Nos. 3, 20) and motions for appointment of counsel (ECF No. 4, 19), with leave to renew at a later stage of the proceedings. (Order at 3.)

On January 21, 2021, the *Maney* Plaintiffs moved for a preliminary injunction requiring ODOC to offer all AICs housed in ODOC facilities a COVID-19 vaccine, and sought provisional class certification of the Vaccine Class, which includes: "All adults in custody housed at Oregon Department of Corrections facilities (ODOC) who have not been offered COVID-19 vaccinations." (*Maney* Pls.' Mot. Prelim. Inj., ECF No. 156; *Maney* Pls.' Mot. to Certify Class at 2, ECF No. 154.)

On January 26, 2021, Defendants filed a motion to stay this matter pending resolution of the motion for class certification in *Maney*. (Defs.' Mot. to Stay at 1.) On February 2, 2021, this Court granted the *Maney* Plaintiffs' motion for provisional class certification of the Vaccine Class and motion for a preliminary injunction. (*Maney* Op. & Order at 34, ECF No. 178.) The *Maney* Plaintiffs' motion for class certification of the remaining two classes is currently due on March 1, 2021. (ECF No. 110.)

## DISCUSSION

The parties dispute whether a stay pending resolution of the *Maney* class certification motion is appropriate here. As explained below, the Court concludes that the relevant factors weigh in favor of a stay.

///

///

PAGE 3 – OPINION AND ORDER

## I.    APPLICABLE LAW

"District courts have the discretion to stay proceedings pending before them." *Patton v. DePuy Orthopaedics, Inc.*, No. 19-cv-00081, 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936), and *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)); *see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to 'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted). In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: "'(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]'" *DePuy*, 2019 WL 851933, at *3 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

## II.    ANALYSIS

In opposing Defendants' motion to stay, Ross argues that he is "still suffering from the outbreak caused by [Defendants'] deliberative and wreckless [sic] indifference to my constitutional rights" and that "nothing [has] changed throughout the prison[.]" (Pl.'s Resp. at 1-3.) Ross also states that he has recently contracted COVID-19 and "that changes the scope of my case[.]" (*Id.* at 5.) Finally, Ross asks the Court to appoint counsel to represent him in this matter, or "have counsel representing *Maney* assist me, immediately and without any further delay." (*Id.*)

Although the Court is sympathetic to Ross's situation, the Court finds that, on balance, the relevant factors weigh in favor of staying this action pending resolution of class certification in *Maney*.

PAGE 4 – OPINION AND ORDER

First, there is substantial overlap between the parties and legal issues to resolve in the *Maney* case and this case, as both actions include Section 1983 claims alleging that ODOC officials acted with deliberate indifference to AICs' health and safety by failing adequately to protect them from COVID-19. (*Maney* TAC ¶ 156; FAC at 5-11.) A stay will conserve judicial resources by avoiding duplicative litigation.

Furthermore, it appears that Ross is a member of all three putative classes in *Maney*. As explained above, the Court has already provisionally certified a Vaccine Class in *Maney*, of which Ross is a member. In addition, the *Maney* Plaintiffs seek to certify an Injunctive Relief Class composed of AICs who are at high risk of death or severe illness from COVID-19, and a Damages Class composed of individuals who have been continuously housed in ODOC facilities since February 1, 2020, and have contracted COVID-19. (*Maney* TAC ¶¶ 20-21.) Ross is a member of the *Maney* Injunctive Relief Class because he alleges that he is currently housed in an ODOC facility and is at high risk of death or severe illness from COVID-19 due to a heart condition. (*See* FAC at 10, explaining that he suffers from a heart condition; *Maney* TAC ¶ 20, noting that the Injunctive Relief Class includes "[p]eople with heart disease (such as congenital heart disease, congestive heart failure and coronary artery disease)"). Ross is also a member of the *Maney* Damages Class because he has contracted COVID-19. (*See* Pl.'s Mem. Obj. to F&R at 1, ECF No. 26, stating that "I have been infected with the coronavirus/COVID-19").

A stay in this case will not result in significant delay, as the motion for class certification in *Maney* is currently due on March 1, 2021. (ECF No. 110.) If the Court grants the *Maney* Plaintiffs' motion for class certification, Ross may elect to proceed as a member of the three classes, or he may opt out and litigate his own case. *See McDaniels v. Stewart*, No. 15-CV-05943-BHS-DWC, 2017 WL 132454, at *2 (W.D. Wash. Jan. 13, 2017) (granting stay pending

class certification and noting that "Plaintiff may elect to be a member of the class if it is certified, or opt-out and proceed with his own case"). On the other hand, if the Court denies class certification, Ross faces only a brief delay in this matter.

For these reasons, the Court concludes that staying this litigation will conserve judicial resources by avoiding duplicative litigation, and a stay will not unduly prejudice the non-moving party. *See McDaniels*, 2017 WL 132454, at *2 (granting stay because "staying this action pending resolution of class certification . . . promotes judicial economy and does not prejudice Defendants"); *see also Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *11 (N.D. Cal. May 19, 2020) (staying habeas petition pending adjudication in separate class action because "[t]he potential relief available to [the petitioner]—immediate release due to the COVID-19 pandemic, the conditions of confinement at the Yuba County, and his medical vulnerabilities—is the same substantive relief sought in this action and is based on the same underlying facts" and therefore "a stay pending adjudication of [the class action] is warranted"); *Duong v. Jennings*, No. 20-cv-02864-RMI, 2020 WL 2524252, at *2 (N.D. Cal. May 18, 2020) (same); *Calderon v. Barr*, No. 2:20-cv-00891 KJM GGH, 2020 WL 2394287, at *4-5 (E.D. Cal. May 12, 2020) (same).

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to stay (ECF No. 23), and STAYS this action pending resolution of class certification in the *Maney* case.[1] Pursuant to

---

[1] "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" *James v. Ariz. Dep't of Corrs.*, No. 18-4545, 2019 WL 7494660, at *2 (D. Ariz. Aug. 14, 2019) (quoting *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)). Defendants' motion to stay does not dispose of any claims or defenses and does not effectively deny any ultimate relief. Thus, this Court may resolve the motion to stay without full consent to the jurisdiction of a U.S. Magistrate Judge under 28 U.S.C. § 636(c).

Ross's request, the Court will request that counsel for the *Maney* Plaintiffs contact Ross as soon as possible.

**IT IS SO ORDERED.**

DATED this 12th day of February, 2021.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge