IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JAMES ARTHUR ROSS,                      Civ. No. 2:20-cv-01338-SB

        Plaintiff,                               **ORDER**

      v.

TYLER BLEWETT, *et al*,

        Defendants.

AIKEN, District Judge

      Magistrate Judge Beckerman has filed a Findings and Recommendation ("F&R"), ECF No. 116, recommending that Plaintiff's Third[1] Motion for Preliminary Injunction ("MPI"), ECF No. 73, be denied on the basis that the preliminary injunctive relief Plaintiff seeks bears no relation to the relief he sought in his operative complaint at the time of filing. F&R at 4. While Plaintiff's MPI was pending, Plaintiff filed a Second Amended Complaint ("SAC"), ECF No. 115. Judge Beckerman found that Plaintiff's SAC did not allege any conduct specifically attributable to the newly-added defendants, and therefore, recommended that Plaintiff's amended claims regarding unconstitutional denial of access to the courts are subject to dismissal. Judge Beckerman added that, if Plaintiff is able to amend his claims to allege unconstitutional denial of access to the courts

---

[1] The record shows, and Judge Beckerman noted, that this is Plaintiff's fourth motion for preliminary injunction.

Page 1 – ORDER

attributable to the specific officials Plaintiff names as defendants, and if Plaintiff can demonstrate that any continued denial of access to the law library is causing him irreparable harm, he may file another motion for preliminary injunction.  F&R at 6.

Under The Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id*.; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review.  *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed.").  Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard."  *Id*. at 154.  The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

In this case, Plaintiff has filed Objections, ECF No. 121; a Declaration in Support of Objections, ECF No. 122; and a Memorandum in Support of his Motion for Preliminary Injunction and Objections, ECF No. 128.  Defendant did not file a response.

The Court has reviewed the full record, including the F&R and Plaintiff's Objections, Declaration, and Memorandum.  The Court finds no error and therefore ADOPTS the F&R, ECF No. 116.  Plaintiff's Third Motion for Preliminary Injunction, ECF No. 73, is DENIED on the

basis that Plaintiff be denied on the basis that the preliminary injunctive relief Plaintiff seeks bears no relation to the relief he sought in his operative complaint at the time of filing.

It is so ORDERED and DATED this ___24th___ day of April, 2023.

       /s/Ann Aiken
       Ann Aiken
       U.S. District Judge