IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JAMES ARTHUR ROSS, | Civ. No. 2:20-cv-01338-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| TYLER BLEWETT, *et al*, | |
| Defendants. | |

AIKEN, District Judge

  Before the Court is Plaintiff's Motion For Clarification on whether he issued consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including entry of orders on dispositive motions, trial, and entry of final judgment.  *See* ECF No. 209.  The Court held a hearing on October 2, 2024.  Plaintiff represented on the record that he believed his consent form had been returned to him as rejected by the Court.  Plaintiff explained that, in his view, because he did not send it back, he did not consent to a magistrate judge.

  Defendant represented that Plaintiff's consent was filed with the Court on January 31, 2023.  *See* ECF No. 102.  As is customary, the Court sent notice and a copy of the filed consent form to apprise Plaintiff that the form had been received and docketed.  *See* ECF No. 104.  The Court appreciates that there was confusion on Plaintiff's part as to the meaning of his receipt of the copy of his consent form.

The Court has reviewed the filings and considered Plaintiff's explanation and Defendants' representations on the record. The Court finds that consent to adjudication by a magistrate judge, ECF No. 102, is valid and effective. In reviewing Plaintiff's consent form, the Court finds that it bears Plaintiff's signature and finds that Plaintiff has explicitly consented to the jurisdiction of a magistrate judge. *Id*.

The Court further finds that no extraordinary circumstances warrant withdrawal of consent. On remand, the district court should consider whether Branch has shown either "good cause" or "extraordinary circumstances." 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3). This "is a high bar that is difficult to satisfy," and is intended to "prevent[ ] gamesmanship*." Branch v. Umphenour*, 936 F.3d 994, 1004–05 (9th Cir. 2019) (citing *Savoca v. United States*, 199 F. Supp. 3d 716, 721 (S.D.N.Y. 2016)). Neither mere dissatisfaction with a magistrate judge's decision, nor unadorned accusations that such decisions reflect judicial bias, will suffice. *Branch*, 936 F.3d at 1004; *see also Sanches v. Carrollton-Farmers Branch Indep. School Dist.*, 647 F.3d 156, 172 (5th Cir. 2011) ("Dissatisfaction with a magistrate judge's decision does not constitute 'extraordinary circumstances.'").

Therefore, the Court ORDERS Plaintiff's Motion for Clarification, ECF No. 209, administratively terminated as resolved. Pending motions are to be adjudicated by the assigned magistrate judge in this case.

It is so ORDERED and DATED this ___2nd___ day of ___October_____ 2024

        /s/Ann Aiken
        Ann Aiken
        U.S. District Judge