IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JAMES ARTHUR ROSS,                              Civ. No. 2:20-cv-01338-SB

                Plaintiff,                              **OPINION AND ORDER**

      v.

TYLER BLEWETT, *et al*,

                Defendants.
_____

AIKEN, District Judge

      Before the Court is Plaintiff's "Combined Objections and Emergency Motion for Clarification of Opinion and Order ECF No. 248." ECF No. 250. Plaintiff also filed a "Motion for Status Conference." ECF No. 259. As more fully explained below, Plaintiff's motion for clarification, ECF No. 250 is GRANTED in part and DENIED in part. To the extent Plaintiff seeks clarification for the purpose of explanation, the motion is granted, and to the extent it seeks reconsideration, it is denied. Plaintiff's motion for a status conference, ECF No. 259, is DENIED.

## DISCUSSION

### I.    Clarification for the Purpose of Explanation

To the extent Plaintiff requests clarification to understand the Court's recent rulings, the Court provides the following information. On April 15, 2024, Plaintiff moved for clarification of the record. ECF No. 209. Plaintiff asserted that he had not validly consented Jurisdiction by a United States Magistrate Judge. *Id*. On October 2, 2024, the Court held a hearing on Plaintiff's motion. ECF No. 247.

During the hearing, Plaintiff explained that he was under the impression he had not consented to Magistrate Jurisdiction. He also stated a request for appointment of counsel. *See generally* ECF No. 261 (transcript of hearing).

The Court acknowledged Plaintiff's position. *Id*. However, the Court withheld final ruling on Plaintiff's request so that it could thoroughly examine the record. *Id*. The Court also stated that it would make inquiries into the status of certain *pro bono* lawyers and their availability. *Id*.

After the hearing, once the Court reviewed the record, it found that Plaintiff had validly consented to jurisdiction by a Magistrate Judge. The Court issued an opinion, explaining that:

> Plaintiff's consent was filed with the Court on January 31, 2023.  *See* ECF No. 102.  As is customary, the Court sent notice and a copy of the filed consent form to apprise Plaintiff that the form had been received and docketed.  *See* ECF No. 104.  The Court appreciates that there was confusion on Plaintiff's part as to the meaning of his receipt of the copy of his consent form.

> The Court has reviewed the filings and considered Plaintiff's explanation and Defendants' representations on the record.  The Court finds that consent to adjudication by a magistrate judge, ECF No. 102,

is valid and effective.  In reviewing Plaintiff's consent form, the Court finds that it bears Plaintiff's signature and finds that Plaintiff has explicitly consented to the jurisdiction of a magistrate judge.  *Id.*

Op. and Order, ECF No. 248 at 2. The Court further found that "no extraordinary circumstances warrant withdrawal of consent." *Id.*

## II.  Objections to Opinion and Order (Reconsideration)

To the extent Plaintiff seeks relief from the Court's October 2nd Order, that motion is denied. *See* ECF No. 250 at 7 (Plaintiff stating his objection to the Court's finding of valid consent).  The Court finds that Plaintiff's objection constitutes a motion for reconsideration of the Court's prior order. Motions for reconsideration are committed to the discretion of the trial court. *Arteaga v. Asset Acceptance, LLC*, 733 F.Supp.2d 1218, 1236 (E.D. Cal. 2010). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," *Kona Enterprises v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (internal quotations omitted).

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Caroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). In other words, it is "not the place for parties to make new arguments not raised in their original briefs." *Arteaga*, 773 F.Supp.2d at 1236. "A motion for reconsideration should not be used to ask the court to rethink that which the court had already thought through—rightly or wrongly…[because] [a]rguments that the court was in error on the issues it considered should generally be directed to the Court of Appeals." *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (internal quotations and citation omitted).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotations and citation omitted). To prevail on a motion to reconsider, the moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Arteaga*, 733 F.Supp.2d at 1236.

Plaintiff's motion fails to establish that reconsideration is warranted here. He explains his disagreement with this Court's Opinion and Order and reiterates the arguments he made in his earlier Motion for Clarification. This is not sufficient grounds for a motion for reconsideration.

III.    **Request for Status Conference**

Plaintiff moves for a status conference. ECF No. 259. Plaintiff explains a status conference is needed because it has been "over a month" since his motion for clarification has been fully briefed before the Court. That is not a reason for a status conference. The Court operates impartially and gives no special attention to any case. Filings are addressed in the order received.

Further, the Court interprets that Plaintiff believes that the Court appointed him pro bono counsel at the October 2, 2024 hearing. However, because Plaintiff validly consented to a adjudication by a Magistrate Judge, the issue of appointing counsel is within the Magistrate Judge's discretion. The Court reminds Plaintiff that neither mere dissatisfaction with a magistrate judge's decision will suffice to revoke consent to a magistrate judge's jurisdiction. *Branch v. Umphenour*, 936 F.3d 994, 1004–05 (9th Cir. 2019).

## CONCLUSION

Plaintiff's motion for clarification, ECF No. 250 is GRANTED in part and DENIED in part. To the extent Plaintiff seeks clarification for the purpose of explanation, the motion is granted, and to the extent it seeks reconsideration, it is denied. Plaintiff's motion for a status conference, ECF No. 259 is DENIED.

It is so ORDERED and DATED this __6th__ day of _February_ 2025

/s/Ann Aiken
Ann Aiken
U.S. District Judge